TOWNSEND v. PILGRIM.  (No. 8425.)

(Court of Civil Appeals of Texas. Ft. Worth. July 1, 1916.)

1. TRIAL &#9672;&#61664;192 — INSTRUCTIONS — ASSUMING FACT TO BE TRUE.

An instruction assuming a fact is not erroneous, where uncontradicted testimony establishes the fact.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 432–434; Dec. Dig. &#9672;&#61664;192.]

2. SALES &#9672;&#61664;396 — ACTION BY BUYER FOR OVERPAYMENT OF PURCHASE PRICE—PLEADING AND PROOF.

In action for excess paid on purchase price of cotton by buyer, where the sale contract pleaded was that the cotton should be paid for on the basis of its grade and classification, it was unnecessary for plaintiff to allege that the contract provided for grading and classification in town to which it was to be shipped by seller, in order to admit testimony of its real grade ascertained at such place.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1134, 1135; Dec. Dig. &#9672;&#61664;396.]

3. APPEAL AND ERROR &#9672;&#61664;1050(1)—HARMLESS ERROR—TESTIMONY FROM BOOKS BY PERSON NOT MAKING ENTRY.

In such action, allowing expert to testify from a copy of his books as to the grade of the cotton made by him was not reversible, where he testified he was present and assisted at the grading and classification, and qualified as an expert, and there was no other dispute as to the result of the grading and classification.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153, 4157; Dec. Dig. &#9672;&#61664;1050(1).]

4. EVIDENCE &#9672;&#61664;219(1)—ADMISSION—REFUSAL OF GOODS TENDERED.

In such action, refusal of defendant to take back cotton sold by him at the same price he received for it, notwithstanding an advance of $2.50 per bale, was competent as in the nature of an admission bearing upon his claim that the grade and classification at which it was sold were the correct ones.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 762, 765, 766, 770; Dec. Dig. &#9672;&#61664;219(1).]

5. APPEAL AND ERROR &#9672;&#61664;1002 — REVIEW — CONFLICTING EVIDENCE.

A verdict based on conflicting evidence will not be disturbed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. &#9672;&#61664;1002.]

Appeal from Shackelford County Court; J. A. King, Judge.

Action by W. H. Pilgrim against R. H. Townsend. From a judgment for plaintiff, defendant appeals. Affirmed.

Action to recover the excess paid by the plaintiff in buying cotton at Moran, Tex., under a trade arrangement or custom whereby plaintiff paid a certain price, and if, after receipt and grading, the cotton was found to be of lower grade than paid for, the difference was to be adjusted by the defendant seller refunding the difference.

The special charge complained of was:

"If you should find and believe from the evidence and a preponderance thereof that the plaintiff and defendant agreed upon a stipulated price for 85 bales of cotton, if they did do so, and that it was understood and agreed by and between the said parties that said cotton should be classed and graded at Dublin, Tex., or if you should find or believe from the evidence and a preponderance thereof that there was a usage and custom among cotton men, in contracts of the character alleged to exist by the plaintiff, to ship cotton with bill of lading attached, and that such custom, if any, was for the out turns to be made as is shown to have been made in this case, and that such usage and custom, if any, was known to the defendant, Townsend, then and in that event you are instructed that the defendant would be liable for whatever amount, if any, that was in excess of the real grade of said cotton, unless you should find and believe that there was an agreement or stipulation to the contrary made between said parties."

The second assignment of error was:

"The court erred in permitting the witness W. H. Pilgrim, while on the stand testifying as a witness in his own behalf, to testify as to the grade and class of said cotton at Dublin, Tex., to the effect that he had graded and classed the cotton at Dublin, Tex., after it arrived there, and that it did not class as high grade as the grade and class given by the defendant, because it was not alleged in the petition that it was the contract in the purchase of the cotton by plaintiff that it was to be classed by plaintiff at Dublin, Tex., and that it was to be paid for by plaintiff upon a grade or class made by plaintiff at Dublin, Tex."

Other assignments of error referred to were:

"The court erred in permitting the witness Lewis Moore to testify before the jury as to the grade of the cotton made by him at Dublin, Tex., from a memorandum showing the class and grade of the cotton, over the objection of the counsel for defendant made at the time of testifying; the witness stating that he had not made the memorandum and had not seen it made, but that he turned the original memorandum of the grade and class of said cotton as made by him at the time of grading the cotton to a clerk in his office, and that the copy from which he was testifying was made by the clerk, and not by the witness, and that he had no independent recollection of the grade of said cotton as made by him, except as shown by the copy of memoranda made by said clerk, and from which he had testified, because the same was immaterial, and could not be used by the witness to show the grade of said cotton."

"The court erred in permitting the witness W. H. Pilgrim to testify that he offered the cotton back to the defendant after he had the cotton graded at Dublin, Tex., for the same price he had paid defendant for the cotton, although cotton had advanced in price in the meantime about $2.50 per bale, because the evidence offered, if true, was made after the controversy over

the cotton had arisen, and was made by the plaintiff, and was self-serving, and in the nature of a compromise, and was immaterial, irrelevant, and prejudicial."

Scott & Brelsford, of Eastland, for appellant. Walter L. Morris, of Albany, for appellee.

CONNER, C. J. [1] While the record in this case is not in a wholly satisfactory condition, so that we are entirely free from doubt, yet after a consideration of the whole case we find ourselves unable to say that any such error has been committed as to require a reversal of the judgment below. The special charge complained of in the first assignment of error, in some respects, at least, seems to be upon the weight of the evidence as urged; but as presented in the assignment the objection is limited to a specific part of the charge, to wit, to that part referring to the custom alleged, which assumes that the custom "was for the out turns to be made as is shown to have been made in this case." This, of course, assumes that out turns had been made in this case; but so far as we are able to determine from the record there is no doubt as to this. The appellee testified without contradiction, as we understand the record, that after the classification made by him and Moore in Dublin he returned to appellant, as usual in such cases, the result of the classification; such returns, as we understand, constituting what is designated as "out turns." We accordingly feel constrained to overrule the assignment.

[2] We think it is to be implied from the contract, as alleged in plaintiff's petition, that the grade and classification of the cotton should be its real or true grade and class. In order, therefore, to admit testimony of its real grade as found by appellee and Moore in Dublin, it was unnecessary that there be an allegation in the petition that the contract provided for a grading and classification in Dublin. The objection, therefore, to the testimony referred to, on the ground that it was not alleged in the petition that the cotton was to be "paid for on the grade and class made by the plaintiff at Dublin, Tex.," is not maintainable, and the second assignment of error must therefore be overruled.

[3, 4] There is possibly some force in the objection that Moore should not have been permitted to testify from the copy of his books as to the grade and class of the 85 bales of cotton in controversy at Dublin. The testimony of the keeper of the books himself, supplemented by further testimony that the books were correctly kept, would be the best evidence; but inasmuch as appellee testified that he was present and assisted in the grading and classification of the cotton at Dublin, and inasmuch as he further qualified as an expert to give such testimony, and there was no objection to the testimony

so given, and inasmuch as we do not otherwise find any dispute as to the result of the grading and classification at Dublin, we think the objection to Moore's testimony above noted must be overruled. What we here say also sufficiently answers appellant's assignment of error insisting that the judgment is not supported by the evidence. And the majority, at least, have concluded that appellant's refusal to take back the cotton sold by him at the same price he received for it, notwithstanding an advance of $2.50 per bale, was in the nature of an admission on his part that was relevant to his credibility as a witness, and as a circumstance also proper for consideration in passing upon the weight of appellant's testimony that his grade and classification at Moran were the correct ones.

[5] On the issue of whether the contract was for the grading and classification to be done at Moran, we think the evidence is merely of conflicting tendencies, and we do not feel authorized to disturb the verdict of the jury in a determination of the conflict.

The judgment is accordingly affirmed.